UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JENNIFER FLORES on Behalf of herself and Others
Similarly Situated,

                    Plaintiffs,

                    -against-

THE CITY OF NEW YORK, and POLICE OFFICERS
"JOHN DOE" #1-10, Individually and in their Official
Capacity (the name John Doe being fictitious, as the true
names are presently unknown),

                    Defendants.

-------------------------------------------------------------------X

**PROPOSED  AMENDED
CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff JENNIFER FLORES, on behalf of herself and others similarly situated, by her

attorney, Kenneth E. Belkin, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action on behalf of herself and others similarly situated

seeking compensatory damages, injunctive relief, and attorney's fees pursuant to 42 U.S.C. §

1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said

statutes and the Constitutions of the State of New York and the United States.

2.     This is a class action to eliminate the policy, pattern, and practice set and enforced

by city officials, the New York City Police Department ("NYPD") and its officers to

unconstitutionally and illegally deny pre-trial and pre-arraigned female detainees of medically

necessary feminine hygiene products while under their custody and control.

3.     Contrary to the City and State of New York rules, the New York Police

Department's ("NYPD") seventy-seven (77) precincts have not and do not consistently provide

these basic medical items used *only* by women – i.e. tampons and sanitary pads – resulting in hundreds, if not thousands, of menstruating female pre-trial detainees being subject to highly unsanitary conditions, substantial risk of infection, humiliation, and degradation.

4.      This policy, pattern, and practice violates the Equal Protection and Substantive Due Process Clauses of the United States and New York States Constitutions.

5.      Further, it demonstrates the NYPD's deliberate indifference to womens' health, and the lack of training, educating, and properly familiarizing officers – both superior and subordinate – as to the necessity of female feminine hygiene products for pre-arraigned detainees.

6.      As a result, thousands of women incarcerated in New York City Police Department precincts everyday have been denied medically necessary feminine hygiene products and continue to be denied these products thereby having their fundamental rights under the Fifth and Fourteenth Amendments to the United States Constitution violated.

7.      Further, despite rules and regulations implemented in 2017, by the State of New York and the NYPD, requiring pre-trial detainees be provided feminine hygiene products, the City of New York continues to deny access to, and deprive female detainees of, these medically necessary products and continues to ignore the health and well-being of women in their custody prior to arraignment.

8.      Further, while Mayor Bill de Blasio stated "that feminine hygiene products are a necessity – not a luxury," in 2016, upon passing a law requiring New York City Department of Corrections facilities to provide free feminine hygiene products to inmates, the NYPD continues to deny this *necessity* on a regular basis to women who have been arrested and awaiting arraignment in NYPD precincts.

**Feminine Hygiene Products are Medically Necessary for Women's Health**

9. It is indisputable that tampons and sanitary pads serve multiple medical purposes. As Mayor de Blasio has acknowledged, they are not luxury items, but a *necessity* for women's health.

10. Tampons, sanitary pads, and other feminine hygiene products are used to staunch the flow of menstrual blood and prevent encrustation and detritus.

11. Without access to tampons and sanitary pads, women are forced to use unsanitary and dirty alternatives or be forced to sit in their own blood—which can lead to infections, toxic shock, and an increased risk of diseases such as cervical cancer.

12. Accordingly, the federal Food and Drug Administration ("FDA") classifies tampons and sanitary pads as "medical devices." 21 C.F.R. §§ 884.5425, 884.5435, 884.5460, 884.5470.

13. Even New York law recognizes that tampons and pads qualify as "products consumed by humans for the preservation of health." 20 N.Y.C.R.R. 528.4(b)(3).

14. In addition, tampons and sanitary pads qualify as "medical equipment" because they are "devices" "which are intended for use in the cure, mitigation, treatment or prevention of illnesses or diseases." 20 N.Y.C.R.R. 528.4(e)(1).

15. Tampons and pads also qualify as medical "supplies" because they are "supplies used in the cure, mitigation, treatment or prevention of illnesses or diseases." 20 N.Y.C.R.R. 528.4(g).

16. Further, medical professionals recommend that tampons and pads be changed every four (4) to eight (8) hours during normal periods of menstrual flow and two (2) to three (3) hours during periods of heavy menstrual flow, to avoid the potential for infection and more

serious risks to health..

17. Despite the medical necessity of feminine hygiene products, women arrested in New York City are often detained in NYPD precincts with no access to feminine hygiene products for more than eight (8) hours and in some cases up to twenty-four (24) hours.

18. Depriving these women access to medically necessary feminine hygiene products while in police custody is tantamount to ignoring an inmate's need for medical treatment.

**The NYPD's Deliberate Disregard or Indifference to Medically Necessary Feminine Hygiene Products is Discriminatory**

19. The NYPD arrests approximately four hundred thousand (400,000) individuals per year. Upon information and belief, approximately twenty-five percent (25%) or one hundred thousand (100,000) of these individuals arrested each year are women.

20. Upon information and belief, the average menstrual cycle is a twenty-eight (28) day cycle in which up to seven (7) days of bleeding can occur, which necessitates the use of feminine hygiene products such as tampons and/or sanitary pads. Approximately twenty-five (25%) percent of these women exhibit the symptoms, specifically vaginal bleeding, that requires access to feminine hygiene products at the time of their arrest and detainment at NYPD precincts preceding their arraignment.

21. Upon information and belief, every year approximately twenty-five thousand (25,000) women are denied access to feminine hygiene products while in the custody of the NYPD and detained at precincts operated by the NYPD.

22. The NYPD does not have an official policy regarding availability of feminine hygiene products for women who request these items while detained in NYPD precincts as they await transportation to Central Booking for arraignments.

23. As a result, approximately twenty-five thousand (25,000) women per year are denied basic medical treatment while in NYPD custody.

24. Moreover, upon information and belief the NYPD has several gender-neutral policies and guidelines regarding the medical needs of inmates.

25. For instance, bandages and other first aid equipment is readily available for inmates who are bleeding or injured while in custody.

26. The lack of gender specific medically required items in NYPD precincts, which only affects women, serves no purpose other than to discriminate.

**JURISDICTION**

27. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

28. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a) and 1367.

**VENUE**

29. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(1), in that this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

**JURY DEMAND**

30. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**FACTS**

31. Plaintiff JENNIFER FLORES is a twenty-four (24) year old Hispanic female and at all relevant times a resident of the City and State of New York.

32. At all times hereinafter mentioned, defendant POLICE OFFICERS "JOHN DOE" #1-10, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

33. Each and all of the acts of the defendants alleged herein was done by defendant POLICE OFFICERS "JOHN DOE" #1-10 while acting within the scope of their employment by defendant, CITY OF NEW YORK.

34. Each and all of the acts of the defendants alleged herein were done by defendant POLICE OFFICERS "JOHN DOE" #1-10 while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

64. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

66. Defendant CITY OF NEW YORK maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York, who was responsible for the policy, practice, supervision, implementation and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

67. That at all times hereinafter mentioned the defendant, through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York and/or New

York, Bronx, Kings, Queens and Richmond Counties.

68.     During all times mentioned in this complaint, the defendants, engaged in acts and/or omissions which constituted deprivations of plaintiffs' constitutional rights, equal protections and the privileges and immunities of the plaintiffs, and while these acts were carried out under color of law, they had no justification or excuse, and were instead illegal, improper, and unrelated to any activity in which state officers may appropriately and legally engage in the course of protecting persons and/or ensuring civil order.

### *The Constitutional Violations against Jennifer Flores*

69.     On or about October 12, 2016 at approximately 8:00 p.m., plaintiff JENNIFER FLORES was arrested in Queens, New York on misdemeanor charges.

70.     Plaintiff had been arrested for Obstructing Government Administration, because she was advising other individuals on their rights concomitantly with NYPD officers conduct of a search of her friends.

71.     At the time of her arrest, plaintiff was experiencing vaginal bleeding consistent with her menstrual cycle. The flow of her vaginal bleeding was particularly heavy.

72.     While plaintiff was wearing a sanitary pad, she did not have additional feminine hygiene products on her person, as she did not anticipate being detained by the NYPD.   Ms. Flores did not have extra tampons or pads to replace the one she was wearing because she expected she would arrive home in time to change it.

73.     Prior to October 12, 2016, plaintiff had never been arrested in her life.

74.     At approximately 7:30 p.m. on October 12, 2016, defendant POLICE OFFICERS "JOHN DOE' #1-10 handcuffed plaintiff, placed her under arrest, and then transported her to the 108th precinct, where she was detained in a cell for approximately thirteen (13) hours.

75. While detained at the precinct she had to change the sanitary pad she had been using because it was completely soiled and she had been wearing it for approximately three (3) hours.

76. At approximately 8:30 PM, plaintiff informed defendant POLICE OFFICERS "JOHN DOE" #1-10 at the precinct that she was on her period and asked for feminine hygiene products.

77. The officers at the precinct told her that they did not have any feminine hygiene products at the precincts.

78. Thereafter, plaintiff asked female officers that walked by her detention cell for feminine hygiene products to change her sanitary pad and was again informed that the precinct did not have feminine hygiene supplies.

79. At one point, plaintiff was told by defendant POLICE OFFICERS "JOHN DOE" #1-10 to use toilet tissue or gauze to absorb the bleeding, which she briefly attempted to do, although it quickly became apparent that this was neither an adequate, nor sanitary, alternative to medically necessary feminine hygiene products.

80. As a result, plaintiff's underwear was completely soiled with blood and her clothes were ruined.

81. Plaintiff did not get tampons until her private attorney purchased them for her and brought them to the precinct, approximately six (6) hours after her arrest.

82. Even though plaintiff eventually received new pads, plaintiff still had to remain in her bloody underwear and clothes until she was arraigned the following day, nearly twenty-four (24) hours after she was initially taken into custody. Further, at her arraignment, the plaintiff was granted an Adjournment in Contemplation of Dismissal pursuant to NY Criminal

Procedure Law § 170.55and her case was dismissed and sealed.

83. As a result of the NYPD's lack of feminine hygiene products and refusal to provide them to her, plaintiff sustained, inter alia, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

84. Upon information and belief, plaintiff and others similarly situated were denied, during the relevant statutory period, medically necessary feminine hygiene products.

85. As a result of the actions and policy promulgated by defendant, plaintiff has suffered injuries of a constitutional dimension, including but not limited to, existing and continuing violations of her civil and constitutional rights under the Fifth and Fourteenth Amendments to the Constitution.

**FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF**
**FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

86. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

87. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

88. All of the aforementioned acts deprived plaintiffs of the rights, equal protections, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

89. The acts complained of were carried out by the aforementioned individual defendants in their capacities as NYPD officers, with all of the actual and/or apparent authority attendant thereto.

106. The acts complained of were carried out by the aforementioned individual defendants in their capacities as NYPD officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

107. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**DENIAL OF EQUAL PROTECTION ON THE BASIS OF SEX**
**UNDER 42 U.S.C. § 1983**

108. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

109. Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10, failure to provide feminine hygiene products, including tampons and sanitary pads, to pretrial female detainees awaiting arraignment in criminal court discriminates against women, because it results in the disparate medical treatment of women.

106. Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10, failure to provide women medically necessary feminine hygiene products—tampons and sanitary pads—but not deprive other inmates of gender neutral medical products, such as band aids, is not substantially related to an important state interest, is not rationally related to a legitimate state purpose, is not rational at all, directly discriminates against women, and directly results in the disparate treatment of women.

107. Such discrimination violates the Equal Protection of the Fourteenth Amendment of the United States Constitution.

108. As a result of the foregoing, plaintiff was humiliated, suffered from mental anguish, and subjected to unsanitary conditions that placed her at substantial risk mental and physical harm.

## THIRD CLAIM FOR RELIEF VIOLATION OF
## DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983

109. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

110. Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10violated the Due Process Clause of the Fourteenth Amendment to the Constitution by subjecting plaintiff and others similarly situated to a policy, practice and/or custom of unconstitutional conditions of confinement by failing to provide medically necessary feminine hygiene products to pretrial female detainees at NYPD precincts as they wait to be taken to Central Booking for arraignment.

111. Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10subjected plaintiff and others similarly situated to unconstitutional conditions of confinement by being deliberately indifferent to medically necessary feminine hygiene products for women in custody at NYPD precincts as they wait to be taken to Central Booking for arraignment.

112. As a result of the foregoing, plaintiff was humiliated, suffered from mental anguish, and subjected to unsanitary conditions that placed her at substantial risk mental and physical harm.

## FOURTH CLAIM FOR RELIEF FOR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

113. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

114. Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10were deliberately indifferent to the medical needs of plaintiff and others similarly situated women by failing to provide medically necessary feminine hygiene products to women who are detained at NYPD precincts as they await to be transported to Central Booking for arraignment.

115. Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10caused plaintiff to be subject to unconstitutional conditions of confinement by failing to provide medically necessary feminine hygiene products while in custody.

116. The acts complained of were carried out by defendant POLICE OFFICERS "JOHN DOE" #1-10,, in their capacities as NYPD officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD, all under the supervision of other ranking officers of said departments.

117. The pattern of deliberate indifference to the medical needs of women in NYPD custody is the result of policy-making officials, the failure to supervise and/or discipline staff responsible for the treatment of women in custody and is so institutionalized as to represent a policy or custom of unconstitutional violations that have resulted in the deprivation of plaintiff's rights by defendant THE CITY OF NEW YORK.

118. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD include, but are not limited to, the following unconstitutional practices:

    a)    Explicitly and/or implicitly establishing a policy of refusing to provide medically necessary feminine hygiene products for women in NYPD custody;

    b)    Showing deliberate indifference to the medical needs of women in NYPD custody, as it pertains to providing feminine hygiene products;

c)      Showing deliberate indifference to the training and/or supervision of NYPD officers to ensure they provide medically necessary feminine hygiene products for women in NYPD custody;

d)      Showing deliberate indifference to the conditions of confinement for women being detain in NYPD precincts prior as they await transport to Central Booking for arraignment.

119.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as is the case with the plaintiff in this matter. <u>See</u> https://www.nytimes.com/2017/04/20/nyregion/pads-tampons-new-york-womens-prisons.html.

120.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

121.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

122.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

123.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD, plaintiffs were, deprived of basic medical supplies, subjected to unconstitutional conditions of confinement and mental abuse in violation of their constitutional rights.

124.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD, plaintiff and those similarly situated were subject to disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

125.     Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

126.     Defendants', THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" #1-10, collectively and individually, while acting under color of state law, acquiesced in and encouraged a pattern of unconstitutional conduct by subordinate NYPD officers, and were directly responsible for the violation of the constitutional rights of plaintiffs.

127.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right to receive equal protection under the law;

**WHEREFORE**, plaintiffs request the following relief jointly and severally as against all of the defendants:

1. A judgment declaring that defendants have committed the violations of law alleged in this action;

2. An order preliminarily and permanently enjoining and directing defendants to start making available feminine hygiene products to all women in NYPD custody;

3. Directing that immediate remedial training for all members of the NYPD (in the Precincts and the NYPD academy) on the medical necessity of feminine hygiene products for detained;

4. Directing defendants to put in place a system for monitoring feminine hygiene supplies at precincts to ensure they are always available;

5. Compensatory damages for plaintiff and putative class in an amount to be proven at trial;

6. An order awarding disbursements, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988;

7. Such other further relief that the court may deem just and proper.

Dated: New York, New York
       October 18, 2019

BY:_____/S_____
      Kenneth E. Belkin, Esq. (KB-0080)
      225 Broadway, Suite 715
      New York, New York 10007
      c: (718) 724-3466
      f: (212) 566-8165
      e: kb@belkinlaw.com